**Case.**

*Case 56.*

## Robinson *vs* Ramey.

Error to the Pike Circuit.

*Judicial officers. Surety for the peace. Malice.*

*January* 21.

Chief Justice Marshall delivered the opinion of the Court.

Case stated.

This action on the case was brought by Robinson against Ramey, a Justice of the Peace, to recover damages on the allegation that the plaintiff having been brought before the defendant as a Justice of the Peace, upon a warrant issued by Wm. Ratcliff, another Justice, requiring him to keep the peace and to find sureties therefor, the defendant, without any probable cause therefor, falsely, maliciously, and wickedly, under color of said warrant, caused the plaintiff to be imprisoned for a long space of time, and until he entered into bond for keeping the peace, &c. for twelve months.

Issue, evidence, and judgment of the Circuit Court.

Upon the issue of not guilty, it appeared by the plaintiff's evidence that he, with two others, had been brought before the defendant on a warrant purporting to have been issued by Ratcliff, on his own view, and that the defendant, on being asked whether it was not necessary

to prove the plaintiff guilty, expressed the opinion that the warrant issued on the view of Ratcliff, was sufficient, and it may be inferred that he regarded it as conclusive. But the plaintiff did not, in fact, introduce any witness to be sworn on the occasion, and the defendant, without other evidence than the warrant, required him to enter into bond with security, for keeping the peace for one year, under the penalty of fifty dollars; which was done immediately, and as appears, with good humor on all sides.

On this state of the evidence, the Court, at the request of the defendant, instructed the jury to find as in case of a non-suit. And the only material question in the case is, whether this instruction was erroneous.

There can be no doubt that as a Justice of the Peace, the defendant had full jurisdiction upon the warrant issued by Ratcliff, to determine whether the plaintiff and his associates in the warrant, or either of them, should be bound over to keep the peace. The preservation of the public peace was the primary object of the institution of the office of Justice of the Peace, and is one of the most important duties pertaining to it. Ratcliff certainly had authority to issue the warrant on his own view, and although if the parties had been brought before him, he might, notwithstanding his own view and knowledge, have been bound to hear such evidence as they should offer in exculpation, we think it cannot be doubted that he might, without any other evidence than his own view and knowledge, have required them to enter into bond. Whether the warrant, when returned before another Justice, would be a sufficient ground for his proceeding in the same manner, without other evidence, is a question on which there may be a difference of opinion. But even if it should be decided in the negative, still as the Justice was undoubtedly acting in a judicial capacity, and as the question as to the effect of the warrant as evidence, and as to the sufficiency of that evidence to authorize the requirement of a bond to keep the peace, was a judicial question, an erroneous decision of it cannot, of itself, be deemed sufficient evidence of a malicious purpose.

Justices of the Peace have authority to issue warrants upon their own view, and upon his own view of the facts require surety for the peace to be given: and if one Justice issue his warrant for the apprehension of an individual, to require surety for the peace, on his own view, which is returned to another Justice, and he without farther evidence, require the surety to be given, it is a judicial act, for which he is not liable in a suit, without evidence of a malicious purpose.

ROBINSON
vs
RAMEY.

A Judge or Jus-
tice acting offi-
cially, must have
acted from im-
pure motives, i.
e. maliciously,
in order to be
made responsible
to one who may
think himself
aggrieved by his
judgment; (4
Bibb, 29; 5 B.
Monroe, 546.)

No principle is better settled and none more essential to the administration of the laws, than that a Judge or Justice acting judicially and within the sphere of his jurisdiction, cannot be made liable to a private action for damages, on the mere ground of error of opinion or judgment. He must, in the language of this Court in *Gregory* vs *Brown*, (4 *Bibb*, 29,) have acted from impure or corrupt motives, by which is meant that motive commonly designated by the term malice or malicious. The same principle is also recognized in the case of *Wood* vs *Weir and Sayre*, (5 *B. Monroe*, 546,) and in numerous cases in this and other countries, the two above cited having been referred to in this opinion only because they are referred to by the counsel in support of the action. It is manifest that this statutory principle would be wholly destroyed and the protection which it affords to the independent administration of the law, wholly overthrown, if in an action against a Judge or Justice, acting within his proper sphere, a mere error of judgment, or rather a difference of opinion in the tribunal before which he is to be tried for his judicial act, should be regarded as in itself, sufficient ground for the inference of malice, to support the action. There must be something more, amounting to evidence of actual malice, or at least to a total absence of probable cause, from which malice may be implied.

It is said that *crassa ignorantia* should be held equivalent to malice, or as evidence of it, and that the defendant in this case evinced gross ignorance in the proceeding on the warrant. But it is obviously a delicate question to determine what degree of ignorance of the principles of law and the rules of evidence, should be regarded as proof of malice in a Judge or Justice. Certainly no decision of a question in which there may be a doubt or difference of opinion, can be regarded as in itself, evidence of malice. And whatever might have been said of the refusal to swear a witness actually offered on the trial of the warrant, in a case where the right to adduce evidence is expressly secured by statute: (2 *Stat. Law*, 1444,) and without deciding how far, even in that case, the presumption of knowledge should ope-

rate as proof of malice, we are of opinion that as in fact no witness was offered to be sworn on the part of the plaintiff, the opinion of the Justice that the warrant issued on the view of another Justice, was sufficient evidence, could not, of itself, authorize the inference of malice. And the opinion, if expressed, that the warrant was conclusive, having had no actual operation or effect in depriving the plaintiff of any right, that opinion however wrong, could furnish no ground of action.

The plaintiff has not, even in the present case, proved that there was no probable cause for binding him to keep the peace, nor introduced any evidence from which malice in the defendant may be properly inferred. There was, therefore, no evidence which would have authorized a verdict for the plaintiff, and no error in giving the instruction complained of. As this conclusion is in no degree dependent on the statement by the plaintiff's witnesses, to the effect that the plaintiff was reputed to have been concerned in certain disorderly conduct, &c. it is unnecessary to decide whether those statements were properly admitted against the objection of the plaintiff. Had the case gone to the jury, this question of evidence might have been important. But in the actual attitude of the case it is not so.

Wherefore, there being no error prejudicial to the plaintiff, the judgment is affirmed.

*Apperson and Fulkerson* for plaintiff; *Burns* for defendant.